# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

DALEY REALESTATE,    )
           )
   Plaintiff,   )
           )
v.         )   CV422-267
           )
JENNIFER LEIGH BESTER,  )
and VICTOR BONITO BESTER )
           )
   Defendants.  )

## <u>REPORT AND RECOMMENDATION</u>

Defendant Jennifer Leigh Bester,[1] proceeding *pro se*, has filed a

Notice of Removal.  Doc. 1.  She seeks to remove what appears to be an

---

[1] Defendant Jennifer Bester has listed a co-defendant, Victor Bonito Bester, in the caption of her Notice of Removal. *See* doc. 1 at 1. She also refers to "defendant(s)" in the body of that pleading. *Id.* However, Victor Bonito Bester has not signed the Notice. *See id.* at 2. Jennifer Bester, proceeding *pro se*, may not represent any other party. *See, e.g., Timson v. Sampson*, 518 F.3d 870, 873 (11th Cir. 2008) (28 U.S.C. § 1654, authorizing *pro se* proceedings, "provide[s] a personal right that does not extend to the representation of the interests of others."). The Court, therefore, refers to Jennifer Bester below as the only party proceeding before this Court. The failure of a co-defendant to join in a notice of removal may render the notice procedurally defective. *See, e.g.,* 28 U.S.C. § 1446(b)(2)(A); *Bailey v. Janssen Pharmaceutica, Inc.*, 536 F.3d 1202, 1207 (11th Cir. 2008). *Cf. King-Smith v. Nationstar Mortgage, LLC*, 2020 WL 9597937, at *1 (N.D. Ga. Mar. 26, 2020) (each defendant must explicitly consent to removal within thirty days after the defendant receives the pleading containing the removable claim). Since, as discussed below, Bester has failed to establish this Court's subject-matter jurisdiction, the question of unanimity is moot.

eviction action from a state court.[2]  *See id.* at 1 (including what appears to be a file number from a Georgia state-court action); *see also* doc. 1-1 (listing cases in the Magistrate Court of Chatham County and State Court of Chatham County as "related cases").  She also seeks to proceed *in forma pauperis*.  Doc. 2.  As Bester has failed to establish this Court's subject-matter jurisdiction, this case should be **REMANDED**.  28 U.S.C. § 1447(c).

First, the Court is not entirely convinced that Bester's application for leave to proceed *in forma pauperis* is sufficient.  Bester's application indicates that she has no income and no monthly expenses.  *See* doc. 2 at 1, 4, 6-7.  She also states that neither she nor her spouse have received *any* income for the past two years.  *Id.* at 4.  The Court might demand supplemental information to clarify how Bester and her spouse have survived for two years without any income at all.  *See, e.g.*, *Kareem v. Home Source Rental*, 986 F. Supp. 2d 1345, 1346-47 (S.D. Ga. 2013);

---

[2]  The nature of the removed action is ambiguous because Bester has failed to attach the pleadings from that action, as required by § 1446.  *See generally* doc. 1; *see also* 28 U.S.C. § 1446(a).  Although her failure is another procedural defect in the Notice, it is curable.  *See, e.g.*, *May v. Tucker*, 2016 WL 676451, at *4 (S.D. Ga. Jan. 22, 2016).  Since, as discussed below, she has failed to establish the Court's subject matter jurisdiction, the defect is moot.

*Robbins v. Universal Music Grp.*, 2013 WL 1146865 at *1 (S.D. Ga. Mar. 19, 2013).[3]  However, it is clear that Bester's attempt to remove this case is fatally defective, and the information she does provide suggests she is indigent.  Accordingly, for jurisdictional purposes only, Bester's request to pursue this case *in forma pauperis* is **GRANTED**.  Doc. 2.

Under 28 U.S.C § 1441,[4] a defendant may remove an action filed in state court to federal court if the action could have originally been brought in federal court.  A removing defendant has the burden to establish federal jurisdiction.  *Diaz v. Sheppard*, 85 F.3d 1502, 1505 (11th Cir. 1996); *see also Scimone v. Carnival Corp.*, 720 F.3d 876, 882 (11th Cir. 2013) ("[T]he burden of establishing removal jurisdiction rests with the defendant seeking removal."); *City of Vestavia Hills v. General Fidelity Ins. Co.*, 676 F.3d 1310, 1313 n. 1 (11th Cir.2012) ("The removing

---

[3] *See also Lister v. Dep't of Treasury*, 408 F.3d 1309, 1313 (10th Cir. 2005) (court did not abuse its discretion by denying status to Social Security benefits claimant seeking judicial review of Commissioner's benefits denial; claimant, after having been specifically instructed on how to establish IFP status, failed to fill out proper forms or otherwise provide court with requisite financial information); *Mullins v. Barnhart*, 2010 WL 1643581 at *1 (D. Kan. Mar. 30, 2010) (denying, after scrutinizing IFP affidavit's financial data, leave to proceed IFP on financial ability grounds).

[4] Although Bester purports to remove this case pursuant to 28 U.S.C. § 1446, *see* doc. 1 at 1, that section provides only the procedural requirements for removal.  It does not provide a basis for this Court to exercise jurisdiction over a removed case, independent of the jurisdiction provided in § 1441.  *See, e.g.,* 14C Fed. Prac. & Proc. Juris. § 3729 (Rev. 4th ed. Apr. 2022).

party bears the burden of proof regarding the existence of federal subject matter jurisdiction."). Bester has failed to adequately establish this Court's jurisdiction.

Although the Notice of Removal is not entirely clear, it appears that she is attempting to remove a dispossessory action. *See* doc. 1 at 2 (objecting to "the laws and practices the plaintiff used to execute an eviction . . . ."). Bester first purports to remove this case based on "a complete diversity between the parties." *See* doc. 1 at 1. Despite that assertion, she states that "[p]laintiff is an incorporated citizen of the State of Georgia[,]" but that she and the other defendant "are sui juris and private nationals of the union state of Georgia a republic mentioned within the organic constitution for the republic." *Id.* She lists a residence address in Savannah, Georgia, but qualifies that address is "[w]ithout the United States." *Id.* at 2.

Bester's allegations concerning her residence are characteristic of entirely discredited "sovereign citizen" legal theories. *See, e.g., United States v. Sterling*, 738 F.3d 228, 233 n.1 (11th Cir. 2013) (noting that courts routinely reject sovereign citizen legal theories as "frivolous") (citing *United States v. Benabe*, 654 F.3d 753, 761-67 (7th Cir. 2011)

(recommending that sovereign citizen theories "be rejected summarily, however they are presented")); *Roach v. Arrisi*, 2016 WL 8943290 at *2 (M.D. Fla. Jan. 7, 2016) (noting that sovereign citizen theories have not only been consistently rejected by the courts, but they have been described as "utterly frivolous," "patently ludicrous," and "a waste of . . . the court's time, which is being paid for by hard-earned tax dollars") (cite omitted); *United States v. Alexio*, 2015 WL 4069160 at *2-4 (D. Hawaii July 2, 2015) (discussing characteristics of "sovereign citizen" claims and courts across the United States' uniform rejection of those arguments). The Court, therefore, ignores Bester's nonsensical allegations concerning her status as a "private national[ ] of the union state of Georgia a republic mentioned within the organic constitution for the republic." Doc. 1 at 1.

Stripped of the sovereign-citizen rhetoric, the Notice alleges that plaintiff "Daley Realestate,"[5] and both defendants are residents of the

---

[5] The Court is skeptical that Bester has identified the plaintiff in the underlying state court case sufficiently. The Georgia Secretary of State identifies two entities whose names are consistent with Bester's pleading, a "! Daley Real Estate, LLC," and "The Daley Real Estate Group, LLC." The Civil Cover sheet lists, as a defendant, "! Daley Real Estate." Doc. 1-1 at 1. To the extent that the plaintiff in the underlying state-court case is a limited liability company, Bester's assertion of its citizenship is likely insufficient. *See, e.g., Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.,* 374 F.3d 1020, 1022 (11th Cir. 2004) ("To sufficiently allege the citizenships of these unincorporated business entities, a party must list the citizenships of all the members of the limited liability company . . . .").

State of Georgia.  *See, e.g., District of Columbia v. Murphy*, 314 U.S. 441, 455 (1941) ("The place where a man lives is properly taken to be his domicile until facts adduced establish the contrary.")  Crediting Bester's assertion that the plaintiff in the state court case "is an incorporated citizen of the State of Georgia," doc. 1 at 1, all parties are Georgia residents.  Bester has, therefore, failed to allege the complete diversity necessary for diversity jurisdiction.  *See, e.g. Dukes v. Canal Woods LLC PH*, 2022 WL 4241280, at *2 (S.D. Ga. Sept. 13, 2022).  Moreover, Bester has not alleged, even in a conclusory fashion, that the amount in controversy exceeds the jurisdictional threshold.  *See generally* doc. 1; *see also Auben Realty v. Bussey*, 2018 WL 2933399, at *2 (S.D. Ga. Jun. 12, 2018) (quoting *Fed. Home Loan Mortg. Corp. v. Williams*, 2008 WL 115096, at *2 (N.D. Ga. Jan. 9, 2008)) (discussing failure to plead sufficient amount in controversy in removal of dispossessory action).  She has, therefore, failed to establish that removal is proper pursuant to this Court's diversity jurisdiction.

Bester also asserts that removal is proper pursuant to the Court's federal-question jurisdiction.  Specifically, she asserts "the laws and practices the plaintiff used to execute an eviction prior to a court order

being issued that has resulted in such extreme prejudice against the defendants is now under federal question," and "because plaintiff's violations has created [sic] rights guaranteed under federal law which the federal jurisdiction can entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." Doc. 1 at 2. Notwithstanding that Bester's allegations concerning the alleged federal question are, at best, conclusory, courts have routinely held that eviction proceedings do not present a federal question. *See Auben Realty*, 2018 WL 2933399, at *1 ("Other courts within the Eleventh Circuit have rejected similar attempts to remove a dispossessory action that is based only on state law." (citation omitted)). As the United States District Court for the Northern District of Georgia has recently observed, "[s]imply put, because landlord-tenant disputes are matters of state law, an action for eviction cannot be the basis of federal question jurisdiction." *2018-4 IH Borrower LP v. Miller*, 2022 WL 2388730, at *2 (N.D. Ga. Apr. 18, 2022) (internal quotations and citation omitted). Bester has, therefore, failed to establish any basis for this Court's federal-question jurisdiction.

Because Bester has not met her burden of establishing federal jurisdiction, this case should be **REMANDED** to the Magistrate or State Court of Chatham County, Georgia.  *See* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

This Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3.  Within 14 days of service, any party may file written objections to the R&R with the Court and serve a copy on all parties.  The document should be captioned "Objections to Magistrate Judge's Report and Recommendations."  Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge.  The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C).  The parties are advised that failure to timely file objections will result in the waiver of rights on appeal.  11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*,

648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED**, this 16th day of November, 2022.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA